**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

———————————————————— :
:
STATE OF OHIO, ex rel.                              :
MICHAEL DEWINE,                                     :
ATTORNEY GENERAL OF OHIO,             :
:
     *Plaintiff*                                          :
:    Case Nos. 3:10-cv-02537-JZ
vs.                                                           :          1:10-cv-02709-JZ
:
GMAC MORTGAGE, LLC and                   :
JEFFREY STEPHAN,                                   :    Judge Zouhary
:    Magistrate Judge Knepp
     *Defendants.*                                       :
———————————————————— :

**STATUS REPORT OF THE PARTIES REGARDING CERTIFICATION OF
QUESTIONS TO OHIO SUPREME COURT**

      Pursuant to the Court's Order during oral arguments on March 9, 2011, the parties in the

consolidated cases of 3:10-cv-02537 and 1:10-cv-02709, Plaintiff State of Ohio ex rel. Attorney

General ("Attorney General"), Plaintiff Lois Blank et al. ("Blank"), Defendant GMAC

Mortgage, LLC ("GMAC"), Defendant Ally Financial, Inc. ("Ally"), and Defendant Jeffrey

Stephan ("Stephan") (collectively "Parties"), submit a report of the parties regarding certification

of questions to the Supreme Court of Ohio.

The Parties have been unable to reach an agreement on whether the Court should certify questions to the Supreme Court of Ohio or the language of the question to be certified. If the Court intends to certify questions, the Parties jointly request a telephone conference to discuss the language of the questions to be certified.

_____

***Report of Plaintiff State of Ohio ex rel. Michael DeWine***

Plaintiff, State of Ohio ex rel. Michael DeWine, proposes the following questions for certification to the Ohio Supreme Court.  The Attorney General requests that this Court certify the question of whether servicing of a mortgage loan constitutes a transaction pursuant to the Consumer Sales Practices Act, R.C. 1345.01, and the question of whether mortgage servicers are suppliers under the CSPA.  The question of whether mortgage servicing is covered by CSPA is integral to the Attorney General's first count, and there is no precedent from the Ohio Supreme Court, or any Ohio appellate court, that answers this question.

Judge James Carr of the United States District Court for the Northern District of Ohio has stated that he will be certifying nearly identical legal questions to the Ohio Supreme Court, but those questions are based on different factual allegations than the present case.  In *Anderson v. Barclays Capital Real Estate dba HomEq*, Case No. 3:09-CV-2335, the plaintiffs sued the mortgage servicer, Barclays, for violations of the Ohio Consumer Sales Practices Act.  The parties in *Anderson*, and the Attorney General acting as an amicus, have agreed that the following questions should be certified:  "Does the servicing of a borrower's residential mortgage loan constitute a 'consumer transaction' as defined in the Ohio Consumer Sales Practices Act, § 1345.01(A)" and "Are entities that service residential mortgage loans 'suppliers…engaged in the business of effecting or soliciting consumer transactions' within the

meaning of the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01(C)."  Given that the Ohio Supreme Court will likely address this question in *Anderson*, the Attorney General believes that similar questions in this case should also be certified, so that the Supreme Court can have a broader spectrum of mortgage servicing activities before it.

The Attorney General proposes the following questions:

## Consumer Sales Practices Act Relevant Definitions

The Ohio Consumer Sales Practices Act, O.R.C. § 1345.01(C) ("CSPA") defines a "supplier" as:

> a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer.  If the consumer transaction is in connection with a residential mortgage, "supplier" does not include an assignee or purchaser of the loan for value, except as otherwise provided in section 1345.091 of the Revised Code.  For purposes of this division, in a consumer transaction in connection with a residential mortgage, "seller" means a loan officer, mortgage broker, or nonbank mortgage lender. O.R.C. § 1345.01(C).

The CSPA defines a "consumer transaction" as:

> a sale, lease assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.  "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions between certified public accountants or public accountants and their clients; transactions between attorneys, physicians, or dentists and their clients or patients; and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services.  O.R.C. § 1345.01(A).

**Nature of the Case and Circumstances from which the Question arises**

GMAC Mortgage, LLC ("GMAC") is a "mortgage servicer" engaging in the business of servicing residential mortgages of individuals for personal, family or household purposes. GMAC is not an entity defined in O.R.C. § 5725.01.  It is alleged that GMAC:

* collects payments on residential mortgage loans from borrowers and applies them as required by the applicable documents (FAC ¶¶ 10 & 12);

* communicates with borrowers about insurance and tax payments the borrowers allegedly owe (FAC ¶¶ 10 & 12);

* negotiates with borrowers over late fees, other fees and loan modifications (FAC ¶¶ 10 & 12);

* initiates and pursues foreclosure proceedings against borrowers including by obtaining affidavits and assignments of mortgage to pursue (FAC ¶¶ 10 & 12); and

* sells properties of the borrowers that have been foreclosed upon (FAC ¶¶ 10 & 12).

**Questions of Law to be Answered**

(a)     Does the servicing of a borrower's residential mortgage loan constitute a "consumer transaction" as defined in the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01(A)?

(b)     Are entities that service residential mortgage loans "suppliers…engaged in the business of effecting or soliciting consumer transactions" within the meaning of the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01(C)?

_____

4

*Report of Plaintiffs Lois Blank, et al.*

The Plaintiffs in the Lois Blank case believe that the factual record should be more fully developed before questions are certified in this case.  Since questions are already being certified in the Anderson case discovery will proceed in our case while that matter is litigated.  This will allow the parties to better understand the defenses asserted by GMAC and the nature of the underlying loan transactions which are the subject of the class.

The certified questions as proposed by the Ohio Attorney General are apposite, but may not be complete.  That cannot be determined until discovery is undertaken.

The Lois Blank Plaintiffs therefore oppose certification of questions at this time.

_____

*Report of Defendants Ally Financial, Inc. and GMAC Mortgage, LLC*

Ally and GMAC respectfully submit that this Court is authorized to interpret Ohio law when it exercises diversity jurisdiction. As indicated in the motion to dismiss briefing and at oral argument, there is ample Ohio law to support a holding that the Consumer Sales Practices Act ("CSPA") does not apply to the conduct at issue as alleged in the Amended Complaints. The Ohio Supreme Court has long held that pure real estate transactions are not subject to the CSPA. As such, it is Ally and GMAC's position that certification of questions concerning this issue to the Ohio Supreme Court is not necessary for this Court to determine whether the Consumer Sales Practices Act applies to GMAC and Ally based on the allegations asserted in the Amended Complaints.  In the event the Court elects to obtain interpretation from the Ohio Supreme Court, however, Ally and GMAC respectfully submit the Court should certify the questions in the language proposed below.

## Consumer Sales Practices Act Relevant Definitions

The Ohio Consumer Sales Practices Act, O.R.C. § 1345.01(C) ("CSPA") defines a "consumer transaction" as:

> a sale, lease assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.  "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions between certified public accountants or public accountants and their clients; transactions between attorneys, physicians, or dentists and their clients or patients; and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services.

R.C. § 1345.01(A).

The CSPA defines a "supplier" as:

> a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer.  If the consumer transaction is in connection with a residential mortgage, "supplier" does not include an assignee or purchaser of the loan for value, except as otherwise provided in section 1345.091 of the Revised Code.  For purposes of this division, in a consumer transaction in connection with a residential mortgage, "seller" means a loan officer, mortgage broker, or nonbank mortgage lender.

R.C. § 1345.01(C).

## Nature of the Case and Circumstances from Which the Questions Arise

Defendant GMAC Mortgage, LLC ("GMAC") initiates and maintains residential foreclosure actions in various Courts in the State of Ohio. These foreclosure actions relate to real estate transactions in which individuals borrowed money to purchase real property, and in which the repayment obligation was secured by a mortgage on the real property.

The alleged conduct that is the subject of the Complaints is alleged to have occurred during the course of these residential foreclosure actions. Plaintiffs in both cases assert a

purported cause of action against GMAC for violations of the Ohio Consumer Sales Practices Act, R.C. §§1345.01 *et seq.* These cases are currently pending in the United States District Court for the Northern District of Ohio.  The Court certifies the following questions of law:

### Questions of Law to Be Answered

1) Is the commencement and prosecution of a foreclosure action in connection with a real estate transaction a "sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household," such that it meets the definition of a "consumer transaction" under the Consumer Sales Practices Act, R.C. §§1345.01 *et seq.*?

2) Is an entity that commences and prosecutes a foreclosure action in connection with a real estate transaction a "seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting" a "sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household," such that the entity meets the definition of a "supplier" under the Consumer Sales Practices Act, R.C. §§1345.01 *et seq.*?

_____


***Report of Defendant Jeffrey Stephan***

Defendant Jeffrey Stephan concurs in the report of defendants Ally and GMAC.

_____

The Parties submit the above Status Report of the Parties for consideration.

7

Respectfully submitted,

/s/ Jeffrey R. Loeser
Jeffrey R. Loeser (0082144)
Susan A. Choe (0067032)
Assistant Attorneys General
Consumer Protection Section
30 East Broad Street, 14th Floor
Columbus, OH 43215
(614) 466-1305 telephone
(614) 466-8898 facsimile
jeff.loeser@ohioattorneygeneral.gov
susan.choe@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

/s/ Jeffrey A. Lipps
Jeffrey A. Lipps (0005541)
David A. Wallace (0031356)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100 telephone
(614) 365-9145 facsimile
lipps@carpenterlipps.com
wallace@carpenterlipps.com

*Counsel for Defendants*
*GMAC Mortgage, LLC and Ally Financial, Inc.*

/s/ Richard E. Hackerd
Richard E. Hackerd (0055306)
1370 Ontario Street, Suite 2000
Cleveland, Ohio 44113
(216) 241-8282 telephone
(866) 201-0249 facsimile
Richard@Hackerd.com

/s/ Phillip F. Cameron
Phillip F. Cameron (0033967)
441 Vine Street, Suite 4300
Cincinnati, Ohio 45202
(513) 421-4343 telephone
(513) 381-4757 facsimile
pfclaw@gmail.com

*Counsel for Plaintiffs Lois Blank, et al.*

/s/Richard M. Kerger
Richard M. Kerger (0015864)
Khary Hanible (0077095)
Kerger & Hartmann, LLC
The Bakery Building
33 South Michigan, Suite 100
Toledo, Ohio 43604
(419) 255-5990 telephone
(419) 255-5997 facsimile
rkerger@kergerlaw.com

Christopher R. Hall (pro hac vice)
Gregory G. Schwab (pro hac vice)
Andrea P. Brockway (of counsel)
Saul Ewing LLP
1500 Market Street, 38th Floor
Centre Square West
Philadelphia, PA 19102-2186

*Counsel for Defendant Jeffrey Stephan*