IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| State of Ohio, ex rel. Michael DeWine, Attorney General, | Case No. 10 CV 2537 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| GMAC Mortgage LLC, et al., | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendant Jeffrey Stephan's Motion to Dismiss (Doc. No. 18). Stephan is an employee and a "limited signing officer" on behalf of Defendant GMAC Mortgage, LLC ("GMAC") (Doc. No. 15, Ex. A). Plaintiff State of Ohio, acting through its Attorney General Michael DeWine, alleges Stephan executed false affidavits and assignments on behalf of GMAC in foreclosure proceedings brought in various courts throughout Ohio (Doc. No. 15, ¶¶ 26–27, 29–30; Ex. A–C, F).

Stephan argues in his Motion to Dismiss that this Court lacks personal jurisdiction over him under Federal Civil Rule 12(b)(2). Specifically, Stephan alleges he never traveled to Ohio during the course of his employment with GMAC, had no other contact with the State other than allegedly signing the affidavits, and has no general contacts with Ohio, such as property ownership or obligations to pay taxes. Plaintiff opposed Stephan's Motion (Doc. No. 25) and Stephan replied (Doc. No. 36).

**LEGAL STANDARD**

To defeat a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, Plaintiff must merely make a *prima facie* showing of jurisdiction. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). While the Court heard oral argument on Stephan's Motion in March 2011, neither party requested an evidentiary hearing. Accordingly, this Court treats the allegations contained in the First Amended Complaint (Doc. No. 15) as true, and resolves any factual dispute in Plaintiff's favor. *Welsh v. Gibbs*, 631 F.2d 436, 438–39 (6th Cir. 1980).

**DISCUSSION**

There are two requirements for personal jurisdiction: (1) the defendant must be amenable to service of process under the forum state's long-arm statute, and (2) the exercise of personal jurisdiction must not deny the defendant due process. *Mich. Coalition of Radioactive Mat. Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).

**Ohio's Long-Arm Statute**

Stephan's actions in signing affidavits submitted to Ohio courts is sufficient to satisfy the requirements of Ohio's long-arm statute. Ohio Rev. Code § 2307.382(A), states in part:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this state;
> . . .
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Under Subsection (1), the Ohio Supreme Court has broadly interpreted the statutory term "transacting business" for purposes of personal jurisdiction, noting that the word "transact" embraces

2

"carry[ing] on business" and "to have dealings." *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75 (1990). Moreover, "personal jurisdiction does not require physical presence in the forum state." *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 236 (1994).

One Ohio court has held the "transacting any business" subsection provides a valid basis for personal jurisdiction over an individual who used an Ohio county court to enforce a judgment from a court in another state in connection with a purchase that occurred in Ohio. *Hall v. Tucker*, 161 Ohio App. 3d 245, 256–57 (Ohio Ct. App. 2005). Another Ohio court has held the "transacting business" language confers personal jurisdiction over a non-resident accountant, who while working for a non-resident accounting firm, allegedly sent misleading financial statements to Ohio investors. *Goldstein*, 70 Ohio St. 3d at 237.

Taking the allegations in the instant Amended Complaint as true, this Court has little trouble in finding Stephan "transacted business" by submitting allegedly false affidavits to Ohio courts in support of foreclosure actions. While Stephan was not attempting to enforce a judgment for his own direct personal benefit, such as in *Hall*, he was knowingly engaging the Ohio courts, as an official agent of GMAC in its transaction of business, by providing sworn statements, allegedly based on his personal knowledge, that the foreclosure action was proper (*see* Doc. No. 15, Ex. A). The fact that he was making such representations out-of-state as an employee of GMAC and transmitting the representations into Ohio does not place him beyond the reach of this Court's jurisdiction, as demonstrated by *Goldstein*. Thus, the Amended Complaint and its attached exhibits meet the standard for "transacting business" under the Ohio long-arm statute.

Stephan is also subject to jurisdiction under Subsection (6). Stephan's actions line up with the requirements of this subsection -- he caused tortious injury in Ohio by his acts in Pennsylvania

3

(where he signed the allegedly false affidavits), committed with the purpose of injuring persons (by allegedly failing to truthfully attest to the documents), when he might reasonably have expected that some person in Ohio would be injured by his submission of the allegedly false affidavits.

"Ohio courts seem to be quite willing to give a broad definition to tortious conduct." *Gor-Vue Corp. v. Hornell Elektrooptik AB*, 634 F. Supp. 535, 537 (N.D. Ohio 1986) (citing *Poindexter v. Willis*, 256 N.E.2d 254, 256, 260 (1970) (language concerning tortious conduct in a state's long-arm statute should not be confined to traditional concepts of a tort)). A sister court in this district has held that the filing of false affidavits in an attempt to collect a debt can be the basis for an actionable injury. *Midland Funding LLC v. Brent*, 644 F. Supp. 2d 961, 970 (N.D. Ohio 2009). Under the Ohio court's broad definition of tortious conduct and the reasoning of *Midland*, this Court, again, has little trouble finding that Stephan is subject to Subsection 6 of Ohio's long-arm statute.

Although Stephan argues that Plaintiff has not asserted the allegedly false affidavits have resulted in a foreclosure that was improper -- GMAC has not foreclosed on a borrower that was not in default -- this argument misses the point. At this early juncture of the case, this Court is only testing the sufficiency of the Amended Complaint, not determining the merits of whether an injury-in-fact occurred. Under Subsection (6), Plaintiff has sufficiently plead in paragraphs 24–29 and 41–42 of the Amended Complaint that Stephan's allegedly false affidavits submitted to Ohio courts caused injury because "he might reasonably have expected that some person [Ohio homeowners] would be injured." While Stephan may be correct that all the borrowers were in default, that does not automatically mean that his affidavits were not used to cause a court to grant an improper foreclosure judgment as pled by Plaintiff. Stated another way, it was Stephan's allegedly false *attestation* that may have reasonably caused injury, not GMAC's or the Ohio courts' possible *use* of the affidavits,

4

that is at issue for personal jurisdiction. The use of the affidavits and possible subsequent injuries are subjects for determination on the merits.

**Due Process**

The Sixth Circuit has promulgated a three-part test to determine whether a non-resident defendant has had sufficient contacts with a forum to support personal jurisdiction. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities in the forum state. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 380 (6th Cir. 1968).

This Court, once again, has little trouble finding these three prongs satisfied. First, Stephan knowingly signed affidavits with captions indicating the documents would be submitted to Ohio courts. Although he was signing these affidavits as a GMAC employee, Stephan voluntarily signed the affidavits, legally attesting to his personal knowledge, with an understanding that the affidavits would be used in Ohio lawsuits to support his employer's claims as a plaintiff in various foreclosure actions. It stretches the bounds of logic to argue these actions would not qualify as causing a consequence in Ohio.

Second, the focus of the Amended Complaint is specific to Stephan's activities as it relates to an Ohio cause of action for acts that occurred in Ohio -- submission of allegedly false affidavits. And third, Stephan's decision to sign affidavits that were directed to Ohio courts is sufficient to fulfill the Supreme Court's foreseeability requirement such that Stephan could anticipate being haled into

5

court for his allegedly falsely statements. *See, e.g.*, *Glenwood Farms, Inc. v. O'Connor*, 666 F. Supp. 2d 154, 167 (D. Me. 2009); *Khorrami v. Rolince*, 493 F. Supp. 2d 1061, 1072 (N.D. Ill. 2007).

**Failure to State a Claim**

Stephan's Motion to Dismiss incorporates by reference GMAC's Motion to Dismiss for failure to state a claim under Federal Civil Rule 12(b)(6). Stephan's Motion on this ground is denied without prejudice, with a right to renew, in light of this Court's decision to dismiss without prejudice GMAC's Motion (*see* Doc. No. 45).

## CONCLUSION

Because the Ohio long-arm statute and the due process requirements are met, Defendant Stephan's Motion to Dismiss for lack of personal jurisdiction is denied. Stephan's Motion to Dismiss for failure to state a claim is denied without prejudice.

IT IS SO ORDERED.

                                                        s/ *Jack Zouhary*
                                                        JACK ZOUHARY
                                                        U. S. DISTRICT JUDGE

May 18, 2010